**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, LTD., and DR. REDDY'S LABORATIORIES, INC.,<br><br>Defendants. | Civil Action No. 19-18686 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Bristol-Myers Squibb Co.'s ("Plaintiff") Letter Motion to Strike Defendants Dr. Reddy's Laboratories, Ltd., and Dr. Reddy's Laboratories, Inc.'s (collectively, "Defendants") proposed claim construction including the word "characteristic." (ECF No. 80.) Defendants filed correspondence opposing the Letter Motion (ECF No. 81), and Plaintiff replied (ECF No. 85). The Court has carefully considered the parties' submissions and heard oral argument on April 13, 2021. (ECF No. 102.) For the reasons set forth below, Plaintiff's Motion to Strike is granted.

### I.   BACKGROUND

As the parties are well versed in the facts underlying this matter, the Court will address only those facts relevant to the motion currently pending before this Court. This matter pertains to Defendants' assertion of an altered claim construction in their responsive *Markman* brief. On March 10, 2020, the parties exchanged preliminary claim constructions for terms of U.S. Patent

No. 7,491,725 ("'725 Patent"), U.S. Patent No. 8,680,103 ("'103 Patent"), and U.S. Patent No. 8,242,270 ("'270 Patent") (collectively, "Patents"). The parties seek construction of two terms found in these Patents. Relevant to the present dispute are the Parties' constructions of the term "an x-ray powder diffraction pattern . . . comprising four or more 2θ values selected from the group consisting of[.]"

On July 30, 2020, the parties filed their opening *Markman* briefs containing their original claim construction proposals and arguments. (ECF Nos. 58, 59.) In their opening brief, Defendants asserted the following claim construction: "an x-ray powder diffraction pattern comprising four or more of the claimed 2θ values and having no additional 2θ values not identified in the claim." (Defs.' Opening Br. 10, ECF No. 59.) On October 5, 2020, the parties filed their responsive *Markman* briefs. (ECF Nos. 73, 74.) Defendants, in their responsive brief, asserted a different claim construction, adding the word "characteristic." (Defs.' Responsive Br. 2, ECF No. 73.) The newly proposed claim construction reads: "an x-ray power diffraction pattern comprising four or more of the claimed 2θ values and having no additional characteristic 2θ values not identified in the claim[.]" (*Id.* (emphasis in original).) Plaintiff subsequently filed a Letter Motion to Strike Defendants' newly proposed claim construction.

## II. LOCAL PATENT RULES

This Court has established its own Local Patent Rules which serve "[to] provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes" for the parties to take advantage of. *Source Search Tech, LLC v. Kayak Software Co.*, No. 11-3388, 2014 WL 46769, at *3 (D.N.J. Jan. 6, 2014) (internal quotation marks omitted) (quoting *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007)). These Local Patent Rules "require parties to crystallize their theories of the case early in

2

litigation so as to prevent the 'shifting sands' approach to claim construction." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (internal quotation marks omitted) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006)). They further help to "ensure [that] litigants put all their cards on the table up front[.]" *Otsuka Pharm. Co. v. Torrent Pharm. Ltd.*, 133 F. Supp. 3d 721, 728 (D.N.J. 2015) (internal quotation marks and citations omitted). Importantly, this Court has discretion to enforce these Local Patent Rules, as necessary. *See Howmedica Osteonics Corp. v. Depuy Orthopaedics, Inc.*, No. 11-6498, 2014 WL 6675923, at *5 (D.N.J. Nov. 24, 2014).

Local Patent Rule 4 governs claim construction proceedings in this Court. *See* L. Pat. R. 4. In relevant part, the Local Patent Rules require the parties to exchange lists of claim terms to be construed by the Court and "[n]ot later than 21 days after [that] exchange of the lists . . . , the parties [must] simultaneously exchange preliminary proposed constructions of each term identified[.]" L. Pat. R. 4.1(a), 4.2(a). Then, "[n]ot later than 30 days after the exchange of 'Preliminary Claim Constructions' . . . , the parties shall . . . file a Joint Claim Construction and Prehearing Statement" which outlines the details of the parties' constructions, including identified agreements and remaining disagreements on claim constructions. L. Pat. R. 4.3(a)–(e). Within 45 days from the filing of that joint statement, "the parties shall contemporaneously file and serve their opening *Markman* briefs" and "[n]ot later than 60 days after the filing of the Opening *Markman* Submissions, the parties shall contemporaneously file and serve responding *Markman* briefs[.]" L. Pat. R. 4.5(a)–(c). The Rules, however, do not provide an explicit opportunity for parties to change their proposed claim constructions. *See* L. Pat. R. 4.1–4.6.

3

## III. DISCUSSION

Here, Defendants have attempted to circumvent these established Local Patent Rules by proposing a new claim construction in their responsive *Markman* brief. That responsive brief was filed "four months after the Joint Claim Construction Statement was submitted . . . , [and] more than two months after opening briefs were submitted[.]" (Oct. 9, 2020 Letter *1, ECF No. 80.)[1]

In their oral argument and correspondence opposing Plaintiff's Motion, Defendants argued that they "added the word 'characteristic' as a clarification, . . . [not] as a change[.]" (Hr'g Tr. 12:24–25.) They stated that "[their] argument has always been about characteristic peaks and how the peaks that are recited in the claim are used to characterize the claimed polymorph." (*Id.* at 13:7–10.) In the alternative, Defendants argued that "even if [their] responsive brief did . . . offer a [different construction than they were originally] proposing, [they] think that what [Plaintiff] is seeking as a remedy here is drastic and should be denied." (*Id.* at 14:9–12.) This Court disagrees.

Defendants' action is precisely what the Local Patent Rules were designed to prevent. "The Local Patent Rules are designed so that both sides exchange proposed claim constructions before filing the opening *Markman* briefs. The Local Patent Rules encourage early disclosures and exchanges of information so that both sides are as informed as possible when filing the opening *Markman* briefs." *Janssen Prods., L.P. v. Lupin Ltd.*, No. 10-5954, 2013 WL 3772655, at *5 (D.N.J. July 16, 2013). Not only did Defendants attempt to propose a new claim construction after their opening *Markman* brief, but they also waited until their responsive brief to do so. Allowing Defendants to ignore the Local Patent Rules and rely on this new construction moving forward would unfairly prejudice Plaintiff. As Plaintiff's counsel explained during the oral argument, the parties "had multiple meet and confers[, they] had opening briefs[, Plaintiff] even submitted an

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

4

expert declaration[, Plaintiff's] expert was deposed[, a]nd there were five months during which [Defendants] could have [communicated a change in their claim construction position]." (Hr'g Tr. 6:8–12, ECF No. 103.) Instead, as Plaintiff notes, Defendants "inserted [the word "characteristic] and [their] new argument only in their responsive brief[] knowing that [Plaintiff] would have no opportunity to evaluate it and to respond."[2] (*Id.* at 6:15–17.) Here, based on its consideration of the pleadings and record in the present case, the Court does not find Defendants' arguments regarding their untimely, reply-brief change persuasive. The Court, accordingly, will not allow such conduct to occur.

The Court, therefore, need not reach the substance of Defendants' arguments in support of the newly proposed construction. Rather, this Court finds that Defendants cannot prevail on procedural grounds.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Strike Defendants' proposed claim construction including the term "characteristic" is granted. Defendants are precluded from arguing for such a construction moving forward in this matter. The Court will issue an Order consistent with this decision.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] Defendants argued that Plaintiff could file a five-page reply brief. (Defs.' Oct. 23, 2020 Ltr. *3, ECF No. 81.) Plaintiff argued that a reply submission would be insufficient to cure the prejudice to BMS but requested a "full and fair opportunity to respond to [the] late-injected new construction" should the Court allow the new construction. (Pl.'s Oct. 14, 2020 Ltr. *3 n.3, ECF No. 80.) The Court does not find good cause to allow the new construction. Under the facts presented here, to allow a new claim construction presented for the first time in a responsive brief without a demonstration of good cause would violate both the letter and the spirit of the Local Patent Rules.

5